Cameron M. Gulden, Assistant United States Trustee
State Bar No. MN 310931
Jared A. Day, Trial Attorney
State Bar No. CA 275687
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Booth Street, Room 3009
Reno, NV 89509
Telephone: (775) 784-5330
E-mail: *jared.a.day@usdoj.gov*

Attorneys for United States Trustee
Tracy Hope Davis

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-50556-hlb |
| | ) | Chapter 7 |
| DEBRA YOUREN, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| UNITED STATES TRUSTEE | ) | Adversary Case No. |
| TRACY HOPE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| DEBRA YOUREN, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES TRUSTEE'S COMPLAINT FOR DENIAL OF DISCHARGE**
**[11 U.S.C. §§ 727(a)(2), (3), (4) & (5)]**

Plaintiff, Tracy Hope Davis, the United States Trustee for Region 17 ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint for Denial of Debtor-Defendant Debra Youren's (the "Defendant") Discharge Under 11 U.S.C. §§ 727(a)(2), (3), (4), and (5), and alleges in support thereof as follows:

1

**JURISDICTION AND VENUE**

1. This adversary proceeding is brought in connection with the above-captioned chapter 7 bankruptcy case filed by Defendant (the "Underlying Case").

2. The Underlying Case was filed on October 19, 2022 (the "Petition Date") and is now pending before this Court.

3. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 727. This action is a "core" proceeding under 28 U.S.C. § 157(b)(2)(J).

4. Venue in this District is proper under 28 U.S.C. § 1409(a).

5. Plaintiff consents to this Court entering final judgment and orders in this matter.

6. By order dated March 2, 2023, the Court extended Plaintiff's deadline to object to Defendant's discharge in the Underlying Case to October 31, 2023.

**THE PARTIES**

7. Plaintiff is the United States Trustee for Region 17, which includes the District of Nevada, and has standing to bring this action under 11 U.S.C. § 727(c)(1).

8. Defendant was a resident of Wendover, Nevada, at the time of the above-captioned chapter 7 bankruptcy filing and is a debtor under chapter 7 of Title 11 of the United States Code. Defendant continues to reside in Wendover, Nevada, at this time.

**GENERAL ALLEGATIONS**

9. On the Petition Date, Defendant filed her chapter 7 petition in the Underlying Case (the "Petition").

10. Defendant executed the Petition in the Underlying Case under penalty of perjury, declaring the information provided therein to be true and correct.

**A.      Defendant's Chapter 7 Bankruptcy Schedules Filed in the Underlying Case**

11. On October 19, 2022, Defendant filed her required bankruptcy schedules in the Underlying Case.

12. Defendant filed amended Schedules E/F on December 15, 2022.

13. Defendant executed her initial schedules and amended Schedule E/F in the Underlying Case under penalty of perjury, declaring the information provided therein to be true and correct.

14. Defendant listed priority unsecured claims of $0 and general unsecured claims of $20,145 on her initial Schedule E/F and $79,916.01 in general unsecured claims on her amended Schedule E/F.

15. According to Schedule I, Debtor was not employed on the Petition Date, and her only two sources of income were $1,035 in Social Security and $927.39 in private disability, resulting in total net Schedule I income of $1,962.39.

16. Schedule J sets forth typical monthly household expenses for Defendant in the monthly amount of $2,090.

**B.      The 11 U.S.C. § 341 Meeting(s) of Creditors and Filed Proofs of Claim**

17. The first meeting of creditors under 11 U.S.C. § 341(a) in the Underlying Case was conducted and concluded on December 1, 2022.

18. On February 28, 2023, the duly appointed chapter 7 trustee, Christina W. Lovato, filed a notice of assets and notice to file claims.

19. The deadline to file non-governmental claims expired on June 5, 2023. No secured or priority unsecured claims were filed in the Underlying Case. However, a total of $620,411.39 in general unsecured claims are on file.

### C. Defendant's Undisclosed Prepetition Assets, Failure to Provide Records, and Unsatisfactory Explanations

20. Defendant's mother, Faye D. Yoctorowic ("Yoctorowic"), died prior to the Petition Date.

21. Yoctorowic's last will and testament are being administered in a probate action filed in the Third Judicial District of Idaho, Payette County, Case No. CV38-22-0425 (the "Yoctorowic Probate Case"), and Defendant is currently projected to receive a final distribution of approximately $93,243.79 (the "Inheritance Proceeds") once the Yoctorowic Probate Case is completed.

22. Defendant failed to schedule an inheritance interest of any kind on Schedule A/B despite several prepetition Yoctorowic Probate Case communications being sent to both Defendant's mailing address and that of her son, Buster Alley ("Alley"), with whom Defendant regularly communicates.

23. On April 2, 2018, Defendant transferred her 100 percent ownership in a ranch located at 15000 Pleasant Valley Road, Wendover, NV 84083 (the "Wendover Ranch") to Alley, by way of a quitclaim deed.

24. According to Defendant, she sold the Wendover Ranch to Alley for $250,000, paid off a secured mortgage in the amount of $170,000, and used the remaining proceeds for attorney fees in an unrelated legal matter.

25. Plaintiff requested a copy of the final escrow closing statement, along with bank statements reflecting the deposit and disposition of the Wendover Ranch sale proceeds, but Defendant has failed to provide copies of this documentation to date.

26.     Defendant obtained a $7,950 Small Business Administration Paycheck Protection Program loan ("SBA PPP Loan") associated with the Wendover Ranch's alleged cattle and farming operations in or around April 2021.

27.     Despite Plaintiff's request, Defendant has failed to provide a copy of the loan application and all other documentation associated with the SBA PPP Loan.

28.     According to Defendant, she also sold a 1996 Gooseneck trailer and a 1997 Fifth Wheel trailer to Alley with the Wendover Ranch. Defendant maintains that she remains on title and/or the registration for these trailers only due to Alley's failure to register them.

29.     Plaintiff has requested copies of agreements related to the sale of these personal property assets, but Defendant has similarly not provided this documentation to date.

30.     After the April 2018 sale of the Wendover Ranch, Defendant continued to list herself as the owner and/or person in control of the real property on various permitting applications associated with grazing, livestock branding, and hunting activities.

31.     Upon information and belief, Defendant has an ownership interest in a variety of personal property assets that have not been scheduled to date, including but not limited to, the following:

   a. The Inheritance Proceeds associated with the pending Yoctorowic Probate Case;
   b. The remaining proceeds from the sale of the Wendover Ranch;
   c. The 1996 Gooseneck trailer;
   d. The 1997 Fifth Wheel trailer; and
   e. Various interests in grazing, livestock, and hunting permits.

32.     Plaintiff examined Defendant under Fed. R. Bankr. P. 2004 on October 20, 2023.

/ / /

5

**FIRST CLAIM FOR RELIEF**
**[11 U.S.C. § 727(a)(2)]**

33. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

34. Defendant, with the intent to hinder, delay, or defraud creditors and/or the duly appointed chapter 7 trustee transferred, removed, destroyed, mutilated, or concealed, and/or permitted to be transferred, removed, destroyed, mutilated, or concealed, property of Defendant within one year before the October 19, 2022 Petition Date under 11 U.S.C. § 727(a)(2)(A), or property of Defendant after the Petition Date under 11 U.S.C. § 727(a)(2)(B), including without limitation:

   a. The Inheritance Proceeds associated with the pending Yoctorowic Probate Case;
   b. The remaining proceeds from the sale of the Wendover Ranch;
   c. The 1996 Gooseneck trailer;
   d. The 1997 Fifth Wheel trailer; and
   e. Various interests in grazing, livestock, and hunting permits.

35. Defendant's transfer, removal, destruction, mutilation, or concealment, or permitting the transfer, removal, destruction, mutilation, or concealment, of property, constitutes the intentional hinder, delay or defrauding of creditors and/or the duly appointed chapter 7 trustee and warrants a denial of discharge under 11 U.S.C. § 727(a)(2).

**SECOND CLAIM FOR RELIEF**
**[11 U.S.C. § 727(a)(3)]**

36. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

37. Defendant has, without justification, concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and

6

papers from which her financial condition or business transactions might be ascertained, including without limitation:

    a.    Copies of the final escrow closing statement associated with the purported sale of the Wendover Ranch along with bank statements reflecting the deposit and disposition of the associated sale proceeds;
    b.    The loan application and all other documentation associated with the $7,950 SBA PPP Loan;
    c.    Sale agreements related to the purported sale of the 1996 Gooseneck trailer and a 1997 Fifth Wheel trailer with the Wendover Ranch; and
    d.    Various interests in grazing, livestock, and hunting permits.

38. Defendant's unjustified concealment, destruction, mutilation, falsification, or failure to keep or preserve recorded information, warrants a denial of discharge under 11 U.S.C. § 727(a)(3).

### THIRD CLAIM FOR RELIEF
### [11 U.S.C. § 727(a)(4)(A)]

39. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

40. Defendant knowingly and fraudulently in or in connection with the above-captioned chapter 7 case made false oaths or accounts under 11 U.S.C. § 727(a)(4)(A), including without limitation, by filing under oath false bankruptcy schedules on October 19, 2022 and December 15, 2022 by failing to disclose, without limitation:

    a.    The Inheritance Proceeds associated with the pending Yoctorowic Probate Case;
    b.    The remaining proceeds from the sale of the Wendover Ranch;
    c.    The 1996 Gooseneck trailer;
    d.    The 1997 Fifth Wheel trailer; and
    e.    Various interests in grazing, livestock, and hunting permits.

41. Defendant's knowing and fraudulent false oaths or accounts, made in connection with the above-captioned chapter 7 case, warrants a denial of discharge under 11 U.S.C. § 727(a)(4).

### FOURTH CLAIM FOR RELIEF
### [11 U.S.C. § 727(a)(5)]

42. Each of the preceding paragraphs is here realleged and incorporated, as if set forth in its entirety.

43. Defendant has failed to explain satisfactorily the loss of assets or deficiency of assets to meet her liabilities.

44. Defendant has failed to explain satisfactorily, without limitation, the loss of:

   a. The remaining sale proceeds from the April 2018 sale of the Wendover Ranch;
   b. The remaining SBA PPP Loan proceeds; and
   c. Income arising from various interests in grazing, livestock, and hunting permits.

45. Defendant's failure to satisfactorily explain the loss of assets or deficiency of assets to meet her liabilities warrants a denial of discharge under 11 U.S.C. § 727(a)(5).

/ / /

**PRAYER**

WHEREFORE, Plaintiff prays for the following:

    Judgment in favor of Plaintiff;

    An order denying Defendant's discharge under 11 U.S.C. §§ 727(a)(2), (3), (4) and (5); and

    For such other and further relief as the Court deems just and proper.

Date: October 30, 2023                  Respectfully Submitted,

                                        TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE

                     By:    */s/ Jared A. Day*
                            Jared A. Day
                            Trial Attorney for United States Trustee